# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| FLORENCIO PICHARDO ESQUIVEL, | |
| Plaintiff, | |
| v. | Case No. |
| R.J.K. - BARONE AERATING & LAWN SERVICE, INC., d/b/a RJK BARONE LAWN & LANDSCAPE, INC. AND RONALD A. BARONE, INDIVIDUALLY, | Judge |
| Defendants. | |

## COMPLAINT

Florencio Pichardo Esquivel, ("Plaintiff"), files this complaint against R.J.K. - Barone Aerating & Lawn Service, Inc., d/b/a RJK Barone Lawn & Landscape, Inc. ("RJK") and Ronald A. Barone, individually, ("Barone"), (collectively, "Defendants"), and states the following:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants': 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and IMWL; and 2) failure to pay Plaintiff all earned wages at the rate agreed to by the parties for all time worked in violation of the IWPCA.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction based on federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintained an office and transacted business within this jurisdiction.

### III. PARTIES

**A. Plaintiff**

5. During the relevant period of time, Plaintiff Esquivel:

    a. handled goods that moved in interstate commerce; and

    b. was an "employee" of Defendants as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

**B. Defendants**

6. At all relevant times, RJK:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 203(s)(1)(A) of the FLSA;

    c. had two or more employees who have handled goods which have moved in interstate commerce;

    d. has conducted business in Illinois and within this judicial district; and

    e. was Plaintiff's employer as defined by the by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS §115/1 *et seq.*

7. At all relevant times, Barone:

    a. has been the owner of RJK;

    b. has resided in and has been domiciled in this judicial district; and

    c. had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll

     accounts, and (4) participate in decisions regarding employee compensation and capital expenditures; and

  d.  has been Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS §115/1 *et seq.*

### IV. FACTS

8.  Defendants operate a landscaping and snow removal company that does business in the northern part of Illinois.

9.  Plaintiff was hired by Defendants on or about 2001 to work in landscaping as a laborer. His duties were, among other things, to cut and trim grass and to remove snow, during the relevant seasons.

10.  On or about 2002 Plaintiff was promoted to foreman. In that capacity, he continued to perform manual labor, cutting and trimming the grass and removing the snow. Additionally, he oversaw laborers working on different crews. However, Plaintiff had no actual authority over them. That authority remained with Defendants who maintained control over time off requests, hiring, discipline, firing, raises, and the generating of assignments.

11.  Plaintiff worked for Defendants until on or about mid-November 2017.

12.  From the time Plaintiff started working for Defendants, until on or about mid-November 2016, Defendants had a practice of not paying their employees overtime wages, as required by state and federal law.

13.  After about mid–November 2016, Plaintiff started being compensated at time and a half for hours worked in excess of 40 during an individual workweek.

14.  Defendants' pre-November 2016 practice involved paying Plaintiff for all hours at straight time in a payroll check.

15.  Defendants also had a practice of not compensating Plaintiff for all his earned wages. For example,

  a.  from on or about 2012 until Plaintiff ended his employment with Defendants, Defendants would automatically deduct a daily half an hour

        for lunch from Plaintiff's wages. However, Plaintiff's lunch was regularly interrupted by Defendants and, oftentimes, he was not allowed to take a lunch at all because of the assignments given to him by Defendants.

    b.     During the course of his employment, Plaintiff was regularly required to work after he clocked out for the day approximately 3 times a week. He would perform work requested by Defendants such as repairing machinery or changing oil on vehicles. However, he was not compensated for this time.

16.     As a result of Defendants' pay practices, as described above, Plaintiff regularly worked more than forty (40) hours in individual work weeks, but was not compensated at time-and-a-half his regular rate for all time worked in excess of forty (40) per week.

17.     As a result of Defendants' pay practices, as described above, Plaintiff was not compensated for all time worked at the rate agreed to by the parties.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 17 as though set forth herein.

18.     This Count arises from Defendants violation of the FLSA for Defendants' failure to pay Plaintiff one-and-a-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 12; 14-16, *supra*.

19.     Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

20.     Plaintiff was not exempt from the overtime provisions of the FLSA.

21.     Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

22.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

23. Defendants' failure to pay Plaintiff as required was willful.

24. Defendants' failure to pay Plaintiff the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

25. Plaintiff is entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks;

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants have violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 25 as though set forth herein.

26. This Count arises from Defendants violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 12; 14-16, *supra*.

27. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

28. Plaintiff was not exempt from the overtime provisions of the IMWL.

29. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

31.     Defendants' failure to pay Plaintiff overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

32.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;

B.      Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

A.      That the Court declare that Defendants have violated the IMWL;

C.      That the Court enjoin Defendants from violating the IMWL

D.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

E.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
**Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 32 of this Complaint, as though set forth herein.

33.     This Count arises from Defendants' violation of the IWPCA, 820 ILCS 115/1 *et seq.*, for their failure to compensate Plaintiff for wages for all time worked at the rate agreed to by the parties as described more fully in paragraphs 15 and 17, *supra*.

34.     During the course of his employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

35.     Defendants did not pay Plaintiff for all hours worked at the rates agreed to by the parties.

36.     Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

37.     Plaintiff was entitled to be paid for all time at the rate agreed to by the parties.

38.     Plaintiff is entitled to recover owed wages for the period of July 17 2008, up through and including, to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all unpaid wages due Plaintiff as provided by the IWPCA;

B.      Statutory damages as provided for by the IWPCA;

C.      That the Court declare that the Defendants have violated the IWPCA;

D.      That the Court enjoin Defendants from violating the IWPCA;

E.      Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/14(a) *et seq*.; and

F.      Such other and further relief as this Court deems appropriate and just.


                                                        Respectfully submitted,

Dated:  July 17, 2018


                                                        s/Yolanda Carrillo
                                                        Yolanda Carrillo (#6305590)
                                                        Legal Assistance Foundation of Chicago
                                                        120 S. LaSalle St., Suite 900
                                                        Chicago, IL 60603
                                                        p. (312) 229-6363

                                                        Attorney for Plaintiff